Argued November 28, 1973, affirmed January 7, reconsideration denied January 30, petition for review denied February 20, 1974

COLUMBIA COUNTY, *Respondent, v.*
O'BLACK ET UX (No. 20038), *Appellants.*

517 P2d 688

*Robert VanNatta,* St. Helens, argued the cause for appellants. On the brief were VanNatta & Petersen, St. Helens.

*Robert A. Lucas,* District Attorney, St. Helens, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendants were found in violation of the state subdivision law, ORS 92.014,[1] and Columbia County's subdivision ordinance. Judgment was entered permanently enjoining them from further violations and from partitioning the land involved unless the partitioning conformed with state law and the county subdivision ordinance. The defendants appeal.

Defendants initially challenge the sufficiency of the complaint to state a cause of suit. The defendants first raised the challenge to the complaint by objecting to the introduction of evidence at the trial. Where the objection to the sufficiency of the complaint comes after having answered, the complaint is construed most strongly in favor of the pleader. *Mellott v. Downing,* 39 Or 218, 226, 64 P 393 (1901). The complaint alleges that defendants have created a street or way for the purpose of partitioning parcels of their land without the approval of the Planning Commission and are

---

[1] ORS 92.014 provides:

"No person shall create a street or way for the purpose of partitioning a parcel of land without the approval of the agency or body authorized to give approval of plans for subdivision under ORS 92.040 with respect to the area in which the parcel is situated."

therefore in violation of ORS 92.014; that their action constitutes a nuisance under ORS 215.180[2] and ought to be enjoined under ORS 215.185.[3] We conclude that this adequately apprises defendants of their claimed violations and states a cause of suit.

There was evidence that defendants are the owners of a larger tract of land from which they are in the process of subdividing some 19 lots. The lots abut upon what defendants claim to be a private road, a portion of which was formerly a logging road but which the defendants had been realigning, widening, improving and straightening during the two years prior to the commencement of this suit. The work on the roadway was being done for the purpose of selling off the various lots. However, the work done was not sufficient to make it comply with standards established by Subdivision Regulations For Columbia County, Oregon, dated April 8, 1963, and Resolution of the Columbia County Board of Commissioners dated December 1, 1971; thus the Planning Commission would not give approval.

■ Defendants' principal claim of error is that the words "street or way" in the statute, ORS 92.014, do not encompass the roadway which defendants were constructing in connection with the subdividing of their

---

[2] ORS 215.180 provides in pertinent part:

"The * * * subdivision, other partitioning, or use of land, in violation of an ordinance or regulation authorized by ORS 215.010 to 215.190 shall be deemed a nuisance."

[3] ORS 215.185 reads:

"In case * * * any land is, or is proposed to be, used, in violation of an ordinance or regulation authorized by ORS 215.010 to 215.190, the governing body * * * of the county * * * may, in addition to other remedies provided by law, institute injunction * * * or other appropriate proceedings to * * * enjoin * * * the * * * use. * * *"

land in that it was a private roadway. The statute on its face applies to all roadways constructed for the purpose of partitioning a parcel of land. No distinction is made between private ways and public ways.[4] The key consideration is whether the "street or way [was being created] for the purpose of partitioning a parcel of land * * *." It is clear from the evidence that defendants' purpose in creating the roadway was the subdividing and selling of their land. Defendants do not contend that they have obtained the approval required by the statute.

Defendants' other assignments of error are without merit and do not warrant discussion.

Affirmed.

---

[4] See 35 Op Att'y Gen 1230 (Or 1972).