SCENIC SITES, INC., *Appellant,*

*v.*

BOARD OF COUNTY COMMISSIONERS

OF MULTNOMAH COUNTY, *Respondent.*

(No. 418 201, CA 6318)

557 P2d 678

*James Scudder,* Portland, argued the cause and filed the brief for appellant.

*Paul G. Mackey,* Deputy County Counsel, Portland, argued the cause for respondent. With him on the brief was George M. Joseph, County Counsel, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is a writ of review proceeding challenging an order issued by the Board of County Commissioners of Multnomah County. The order conditionally approved a "road [created] for the purpose of partitioning an area or tract of land," as authorized by ORS 92.014.[1]

At some time prior to 1974 the following events took place: Scenic Sites, Inc. (Scenic), acquired a tract of land comprised of approximately 45 acres. Scenic partitioned this tract of land into seven parcels, each with access to a gravel road which had served previously as a logging road. Six of the parcels did not abut a public road. After partition, Scenic conveyed all seven parcels to various individuals. Thereafter the county denied individual parcel owners septic permits on the grounds that the partition was illegal in that there had not been prior approval of the road (the existing logging road) created for the purposes of partition, as required by ORS 92.014. In response to this objection, Scenic divided the road longitudinally into seven strips and conveyed a strip to each parcel owner so that a narrow finger of land or "dogleg" connected each parcel with the nearest public road. Apparently, Scenic retained no interest in any portion of the road or any other part of the original 45 acres.

The road was evidently conveyed on the theory that no road would exist within the meaning of ORS 92.014 if none of the parcels were land-locked—that is, if each parcel had some minimal physical contact with a public road. Despite this device, the county refused to grant building permits to individual parcel owners, again citing noncompliance with ORS 92.014. Accord-

[1] ORS 92.014 provides:

"(1) No person shall create a street or road for the purpose of partitioning an area or tract of land without the approval of the city or county having jurisdiction over the area or tract of land to be partitioned.

"(2) No instrument dedicating land to public use shall be accepted for recording in this state unless such instrument bears the approval of the city or county authorized by law to accept such dedication."

[ 833 ]

ingly, Scenic applied to the county planning commission to have the road approved. The commission recommended approval subject to certain conditions. Scenic objected to these conditions, which included dedicating the road to public use, and, on May 6, 1975, appealed the recommendation to the board. On May 13, 1975, the board accepted the commission's recommendations with slight modifications.[2] The circuit court upheld the essence of the board's order,[3] and this appeal followed.

Nowhere in the record before us, or in the briefs, are we told what interest Scenic has in this matter. It owns none of the property in question, and it apparently had no interest in said property at the time it sought approval of the road.[4] If Scenic has any derivative rights, duties or interests which give it standing here, the record does not show them. If it in fact has standing, that fact can be developed by "an evidentiary hearing in circuit court limited to the facts germane to standing under ORS 34.040." *Duddles v. City Council of West Linn,* 21 Or App 310, 328, 535 P2d 583, Sup Ct *review denied* (1975). We remand for further proceedings consistent with this opinion.

Remanded with directions.

---

[2] The board decreased the right-of-way width by 10 feet and eliminated a requirement that a blacktop surface be provided.

[3] Some of the conditions were not upheld, but approval was still subject to the condition that the road be dedicated and improved.

[4] Scenic would therefore be incapable of dedicating the road to public uses, for ownership is a condition precedent to dedication. *See* 23 Am Jur2d 4, Dedication, § 1 (1965).