Submitted on record and briefs December 19, 1977, affirmed March 13, 1978

SCENIC SITES, INC., *Appellant,*

*v.*

BOARD OF COUNTY COMMISSIONERS OF MULTNOMAH COUNTY, *Respondent.*

(No. 418-201, CA 8519)

576 P2d 23

James Scudder, Portland, filed the briefs for appellant.

Paul G. Mackey, Deputy County Counsel, and John B. Leahy, County Counsel, Portland, filed the brief for respondent.

[ 200 ]

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

This writ of review proceeding challenges an order issued by the Multnomah County Board of County Commissioners conditionally approving a street created "for the purpose of partitioning a parcel of land" pursuant to ORS 92.014,[1] as said order was modified by the circuit court.[2] Our opinion in a prior appeal, *Scenic Sites v. Multnomah County Comm.,* 27 Or App 831, 557 P2d 678 (1976), stated the facts succinctly:

> "At some time prior to 1974 [sic, 1973] the following events took place: Scenic Sites, Inc. (Scenic), acquired a tract of land comprised of approximately 45 acres. Scenic partitioned this tract of land into seven parcels, each with access to a gravel road which had served previously as a logging road. Six of the parcels did not abut a public road. After partition, Scenic conveyed all seven parcels to various individuals. Thereafter the county denied individual parcel owners septic permits on the grounds that the partition was illegal in that there had not been prior approval of the road (the existing logging road) created for the purposes of partition, as required by ORS 92.014. In response to this objection, Scenic divided the road longitudinally into seven strips and conveyed a strip to each parcel owner so that a narrow finger of land or "dogleg" connected each parcel with the nearest public road. Apparently, Scenic retained no interest in any portion of the road or any other part of the original 45 acres.

---

[1] ORS 92.014, prior to its amendment in 1973 (Oregon Laws 1973, ch 696, § 4, p 1570), provided:

> "No person shall create a street or way for the purpose of partitioning a parcel of land without the approval of the agency or body authorized to give approval of plans for subdivision under ORS 92.040 with respect to the area in which the parcel is situated."

The parties agree that the pre-1973 statutes apply to this proceeding.

[2] ORS 34.100 provides:

> "Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or by mandate direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision. From the judgment of the circuit court on review, an appeal may be taken in like manner and with like effect as from a judgment of a circuit court in an action."

"The road was evidently conveyed on the theory that no road would exist within the meaning of ORS 92.014 if none of the parcels were land-locked—that is, if each parcel had some minimal physical contact with a public road. Despite this device, the county refused to grant building permits to individual parcel owners, again citing noncompliance with ORS 92.014. Accordingly, Scenic applied to the county planning commission to have the road approved. The commission recommended approval subject to certain conditions. Scenic objected to these conditions, which included dedicating the road to public use, and, on May 6, 1975, appealed the recommendation to the board. On May 13, 1975, the board accepted the commission's recommendations with slight modifications. The circuit court upheld the essence of the board's order, and this appeal followed." 27 Or App at 833-34.

■ On the prior appeal, we remanded for a determination of whether Scenic had standing to litigate the issues raised in light of the fact that the record indicated Scenic had no further interest in the property or road. 27 Or App at 834. On remand the trial court concluded that plaintiff has standing on the basis of findings, *inter alia,* that

"Plaintiff was required to repurchase in fee one lot on August 5, 1975, in settlement of litigation arising because of inability of the fee holder to obtain a building permit for the property because of defendant's refusal to issue until conditions for approval of the created roadway had been performed by plaintiff."

We affirm the trial court's determination of standing, and turn to the merits.

■ Although Scenic raises other questions on this appeal, the only contentions asserted in its petition for writ of review are that: (1) ORS 92.014 is not applicable because Scenic did not "create" a "street or way" for the purpose of partitioning; (2) even if the statute is applicable, (a) defendant has not adopted standards and procedures pursuant to ORS 92.044, and (b) the conditions imposed are not supported by substantial evidence in the record. We are confined, on review, to errors disclosed by the petition. *Damascus Comm.*

*Church v. Clackamas Co.,* 32 Or App 3, 573 P2d 726 (1978).

■ Even though the street used in connection with Scenic's partitioning was a preexisting logging road, it was entirely on Scenic's property and served no other property. Accordingly, it was a road that could be moved, or abolished, by Scenic at will prior to the partitioning. It was not until Scenic partitioned the land in such a way that each parcel abutted a 50-foot strip through which the logging road meandered that the location of the road was fixed. At that time, Scenic "created" a "street" for the purpose of partitioning within the meaning of ORS 92.014. *Columbia County v. O'Black,* 16 Or App 147, 517 P2d 688, *rev den* (1974).

■ The subsequent conveyances of longitudinal strips of the road to purchasers did not achieve Scenic's apparent desire to abolish the road such that the operation was no longer subject to the statute. If anything, that device created a "way" for each parcel to a public road. We hold that ORS 92.014 was applicable, requiring defendant's approval of the road.

■ Turning to the contention that ORS 92.044, as it existed prior to 1973, required the county to adopt standards and procedures with respect to "approval of plats * * * and of partitioning of land by creation of street or way," it is sufficient to point out that the statute was permissive, not mandatory. ORS 92.044(1) provided: "The governing body of a county or a city *may* * * * adopt standards * * *." Subsection (2) provided: "Such governing body *may* also prescribe procedures * * *." (Emphasis added.) Although ORS 92.044 has been amended (Oregon Laws 1973, ch 696, § 9; Oregon Laws 1974, ch 74, § 2 (spec sess)) to make those provisions mandatory, they were not at the time involved herein.

The conditions imposed on approval present a different problem. Defendant's planning commission imposed the following conditions:

"(1) That the 50-foot roadway be increased to a 60-foot right-of-way, dedicated to the public. Dedication to include 20-foot radius at property lines at Salzman Road and drainage and slope easements as requested by the Division of Public Works. That the alignment and grades be established in conformance with standards acceptable by the Division of Public Works. (See March 12, 1974 Division of Public Works letter)

"(2) That the road be improved to a minimum standard including drainage ditches and structures acceptable to the Division of Public Works.

"(3) That the sponsor sign a performance bond guaranteeing the above noted improvements to standards established by the Division of Public Works. Securing a permit and engineering fees will be required."

Defendant Board of County Commissioners adopted those conditions with the following exceptions:

"That the 50-foot roadway not be increased to a 60-foot right of way but remain a 50-foot roadway; and that we not insist that the road be blacktopped but merely graveled, which would reduce the cost * * *."

The trial court did not find all of the conditions supported by the record; it affirmed defendant's order approving Scenic's road, but modified it to require only that plaintiff perform the following acts as conditions to approval:

"1. Dedicate said road to public use to a width of fifty foot right of way; and

"2. Install adequate size culverts at such points under the roadbed where uphill surface water and streams converge to form defined channels of running water; sizing of such culverts to meet engineering standards to accommodate water flow generated by a ten year storm."

Defendant has not cross-appealed.

██ Leaving aside the requirement of dedication, we agree with the trial court that condition numbered 2 is supported by substantial evidence.

■ With respect to the requirement that the road be dedicated to the public, plaintiff's petition for writ of review does not allege that defendant did not have authority to impose such a condition for approval; therefore, that question is not before us. Accordingly, we consider only the contention that there is no substantial evidence in the record to support the conclusion that dedication of the road is necessary as a condition of defendant's approval. While the record is not the best, it includes evidence that plaintiff has conveyed to each of its seven purchasers a narrow longitudinal strip within the bounds of the roadway from each parcel to a public road. There is nothing to indicate that each property owner has an easement over each of the other property owners' longitudinal strips for purposes of ingress and egress to his property. Additionally, there is evidence that it is desirable to permit public access over the road for emergency and utility vehicles. That evidence is sufficient to support the conclusion that approval be conditioned upon either: (a) dedication of the road, or (b) a grant by each of the respective owners to each of the others of mutual easements over their longitudinal strips of land leading to the public road.

Since plaintiff has not challenged in its pleadings the authority of defendant to require dedication of the road, that condition was reasonable based on this record.

Accordingly the order of the trial court is affirmed.

Affirmed.

Thornton, J., concurs in the result.